UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JAMES C. POWELL,
Plaintiff-Appellant,

v.

CITY OF NORFOLK POLICE
DEPARTMENT,                                        No. 98-2369
Defendant-Appellee,

and

H. P. HENSON, Individually,
Defendant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Jerome B. Friedman, District Judge.
(CA-97-73-2)

Submitted: May 25, 1999

Decided: June 8, 1999

Before MOTZ, TRAXLER, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Michael D. Kmetz, Norfolk, Virginia, for Appellant. Stanley Graves
Barr, Jr., David Neal Anthony, KAUFMAN & CANOLES, P.C., Nor-
folk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

James C. Powell appeals the district court's order granting summary judgment in favor of the City of Norfolk Police Department in his action alleging that the City's decision not to reinstate him to his position as a police officer immediately after the dismissal of the criminal charge against him was based on his race. The district court found that Powell failed to establish a prima facie case of discrimination because he did not show that similarly situated employees outside the protected class were treated differently. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).

In this court, Powell argues that the evidence shows incidences of Caucasian officers receiving different treatment. These individuals are arguably similarly situated only with respect to Powell's earlier claim that his suspension from duty was racially discriminatory. However, because Powell did not timely challenge his suspension, see 42 U.S.C. § 2000e-5(e)(1) (1994), Powell's action is limited to a challenge of the decision not to reinstate him immediately following the dismissal of the criminal charge, rather than making him pursue his claim through the administrative appeal process. See Equal Employment Opportunity Comm'n v. City of Norfolk Police Dep't , 45 F.3d 80, 83-85 (4th Cir. 1995). Powell's claims that these officers were similarly situated and were disciplined differently, are irrelevant to this action and are barred by his failure to timely challenge his suspension.

To the extent that Powell presented evidence of a similarly situated officer who was reinstated following the dismissal of criminal charges, we agree with the district court's determination that that officer was not similarly situated because the misconduct was not comparable and because there were mitigating circumstances related to that officer's conduct. See Moore v. City of Charlotte, 754 F.2d 1100, 1107 (4th Cir. 1985) (relative seriousness of misconduct is significant in determining whether persons are similarly situated).

2

Because Powell failed to present evidence of different treatment afforded similarly situated officers who are not members of a protected class, he failed to establish a prima facie case of discrimination. Accordingly, we affirm the district court's order granting summary judgment in favor of the City of Norfolk Police Department. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3